**CONTINENTAL CAN COMPANY, Inc., and Fred P. Winslow, Plaintiffs,**

v.

**William E. SCHUYLER, Jr., Commissioner of Patents, Defendant.**

Civ. No. 3107-67.

United States District Court, District of Columbia.

May 14, 1970.

Diller, Brown, Ramik & Holt, Arlington, Va., Vincent L. Ramik, Arlington, Va., for plaintiffs.

S. William Cochran, Acting Solicitor, Washington, D. C., for defendant; Jere W. Sears, Washington, D. C., of counsel.

*Memorandum and Order*

McGUIRE, District Judge.

The bald issue in this case seems to be whether or not plaintiffs' parent application was pending when its "streamlined" continuation application was filed February 8, 1967.

Plaintiffs contend that such was the situation, and allege that the Commissioner of Patents cannot take away a right which is protected by statute, and certainly not inhibit or usurp the power given to the Supreme Court under Section 1256 of Title 28, saying that they (T.B. p. 4)

"have a right under Title 28 to petition for a writ of certiorari to the Supreme Court within the 90 day period and the Commissioner is powerless and lacking authority to hold an application abandoned within this time period without contravening petitioners' substantive rights."

In other words, their contention is that the parent application, so-called, should not have been considered abandoned until after the 90 day period for appeal to the Supreme Court had expired. The Court disagrees. For the answer to this suggestion is that the application was no longer viable. And neither the issuance of its Certificate by the CCPA nor the termination of proceedings upon receipt of same by the Patent Office would operate to preclude the High Court's judgment on a writ of certiorari.

The Court agrees with the Patent Office that where rejection of all claims is affirmed by the Court of Customs and Patent Appeals, as in this case, the responsibility is upon the plaintiff to stay the Court's judgment if the pendency of the application is to be preserved, even though that is not necessary for Supreme Court review.

The jurisdiction of the Supreme Court in the circumstances to review the action of the Court of Customs and Patent Appeals on a writ of certiorari is not defeated by the fact that the Court's mandate was not stayed but has issued. See Carr v. Zaja, 283 U.S. 52, 53, 51 S. Ct. 360, 75 L.Ed. 836 (1931) and The Conqueror, 166 U.S. 110, 113, 17 S.Ct. 510, 41 L.Ed. 937 (1897). See also, generally, United States v. Eisner, 323 F.2d 28, 42 (6th Cir., 1963) (although this is a criminal case the point is the same) in which it is categorically stated that the issuance of the mandate would not bar a petition for certiorari to the Supreme Court, citing *Carr* and *The Conqueror* referred to above.

Complaint dismissed. This memorandum may also serve as an order effecting same.